2013 Ark. App. 171

**OFFICE OF CHILD SUPPORT ENFORCEMENT and Denise F. Morbit, Appellants**

v.

**Kenneth HARPER, Appellee.**

**No. CA 12–738.**

Court of Appeals of Arkansas.

March 6, 2013.

Donald D. Galloway, for appellant.

Sara M. Hartness, for appellee.

WAYMOND M. BROWN, Judge.

The Office of Child Support Enforcement (OCSE) intervened in the child support matter between appellee and his ex-wife, appellant Denise F. Morbit,[1] and argues that the circuit court abused its discretion and committed reversible error when it computed a final judgment because it did not include (1) a previous child and spousal support judgment, (2) post-judgment child support and spousal arrears, and (3) child support payments made after the modification was granted. We reverse and remand.

Appellee was divorced from his wife, appellant Denise F. Harper, by decree entered on February 3, 2006. An order filed July 13, 2007, contained a property-settlement agreement disposing of all issues regarding custody, visitation, child and spousal support, and division of all property and financial obligations.[2] Appellee was ordered to pay $741 in child support for the one minor child in appellant Morbit's physical custody beginning March 15, 2007.

After a hearing held on November 26, 2007, the court entered an order on January 17, 2008.[3,4] In it, the court found that appellant Morbit was entitled to a judgment of $8,191.45 for child support and spousal support arrearage.[5] The court also granted the appellant Morbit's petition to increase appellee's child support finding that the second minor child had returned to living with the appellant Morbit since at least August 1, 2007. The court also ordered appellee to pay $1,575 per month in child support, retroactive to September 10, 2007, the date on which the appellant Morbit filed her petition for increase in child support. Appellee was also ordered to pay an additional amount equal to 20% of the $1,575 toward arrears. Appellee filed a motion to modify support on May 27, 2008, in an effort to decrease his child support due to one of his children turning eighteen and being near graduation from high school. Appellant OCSE filed a motion to intervene in the matter on

1. Appellant Morbit, formerly Denise F. Harper, remarried on December 29, 2008, during the pendency of child support proceedings.

2. An addendum to this order was filed on July 19, 2007, awarding appellant Morbit Harper $2500 for various issues concerning support payments and other matters since the divorce decree.

3. This hearing dealt with appellant Morbit's petition for contempt and for increase in child support and appellee's motion for citation of contempt due to the appellant Morbit's failure to respond to discovery.

4. A letter opinion addressing appellant's petition for contempt and for increase in child support and appellee's motion for citation of contempt for failure of the appellant to respond to discovery was issued on November 27, 2007. It was virtually identical to the later-entered order, except that it did not state the amount to be paid, opting instead to order that "the child support shall be determined based upon the Family Support Chart and the income of the plaintiff as determined at the time of the entry of the child support order dated July 13, 2007." The July 13, 2007 order did not state appellee's income.

5. The court did not itemize what amount of the $8,191.45 was for child support and what amount was for spousal support.

December 18, 2008, which was granted in an order filed on January 7, 2009.

After a hearing on February 2, 2009,[6] in an order filed March 4, 2009, the court reduced appellee's child support to $1,125 per month pending completion of a hearing on appellee's motion to modify support.[7] It appears that the court needed appellee's 2008 tax returns, and so, though it set the lower amount, that amount was not imposed per the court's request to wait until it received the 2008 tax returns. Therefore, appellee's child support payment remained at $1,575. Again, he was ordered to pay an additional amount equal to 20% of the child support payment for the arrearage. The court further noted that it was impossible for it to make a determination as to the total amount of child support due until it addressed appellee's motion to modify support, which was filed on May 27, 2008, because the motion claimed any modification would be effective as of the date of filing. Of noted importance is the order's citation of the parties' agreement that one of the minor children had turned eighteen and graduated from high school, thereby terminating appellee's obligation for payment of child support for her as of June 1, 2008. Citing the parties' failure to do so, appellee filed a motion asking the court to determine his current child support on December 28, 2010, He filed a second motion for the same purpose on April 7, 2011.

On March 15, 2012, the court held a hearing on appellee's May 27, 2008 motion for modification of child support and appellant's December 18, 2008 motion for citation for contempt in which it asked for arrearages and a judgment. In an order filed on March 30, 2012, the court found appellee's average monthly income to be $5,769 based on his net income from all sources for the years 2008, 2009, and 2010.[8] Accordingly, it found that his child support obligation would be modified beginning June 1, 2008,[9] through June 1, 2011,[10] to $865 per month. It stated that, at this rate, the total amount of child support owed for that period was $31,140. Because appellant's records showed that appellee had paid $51,656,[11] and appellee showed that he had paid an additional $1,500 in child support directly to appellant Morbit, the court found that the amount of child support paid by appellee amounted to $53,156. The court then deducted the $31,140 appellee owed in child support from the $53,156 he paid and found that appellee had overpaid $22,016. The court deducted this amount to from a separate a judgment in favor of appellant Morbit by that amount.

Appellant filed a motion for relief from the March 30, 2012 order on April 3, 2012.

6. The hearing dealt with OCSE's petition for citation for contempt against appellee and appellee's objection to wage assignment.

7. A February 4, 2009 letter opinion, stating the same, had previously been issued addressing appellant OCSE's December 18, 2008 motion for citation against appellee for failure to make his child support payment.

8. A letter opinion detailing the same information had been previously filed on March 19, 2012.

9. June 1, 2008, was the agreed upon date of the elder minor's emancipation.

10. The parties' younger minor child, who'd previously turned eighteen years of age on July 25, 2010, graduated from high school in May 2011, thereby terminating any further obligation for appellee to continue paying child support.

11. Though the court states that appellant OCSE's record show appellee paid $51,656, appellant's court liaison prepared an affidavit of arrearage, from which she testified, that showed appellee paid $65,644.52. However, the affidavit included payments from 2007 and 2012 as well.

An amended motion for relief from this order was filed on April 10, 2012. In its amended motion, appellant contended that the circuit court's order (1) was incorrect regarding the amount of appellee's arrearage because it failed to include a judgment granted to appellant Morbit against appellee for $8,191.45; (2) did not account for appellee's previously ordered spousal support obligation, which had not terminated until December 2008 when appellant Morbit remarried; and (3) did not account for appellee's payments made after June 1, 2011. Pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure, appellant requested that the court amend its findings to account for those three issues. Appellant filed a timely notice of appeal on April 23, 2012.

Our standard of review for an appeal from a child-support order is de novo, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous.[12] In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony.

Arkansas Rule of Civil Procedure 60 governs the circumstances in which a trial court may grant relief from a decree already entered.[13] Rule 60(a) allows a trial court to modify or vacate a judgment for certain stated purposes within ninety days of its having been entered.[14]

■ |₆Appellant argues that the first piece of evidence that the court failed to include was a prior judgment of $8,191.45. The amount was awarded in the court's order on January 17, 2008. Appellant cites Arkansas Code Annotated § 9–12–314 [15] and Arkansas Code Annotated § 9–14–234 [16] to support its contention that the judgment should be included. Under these two sections, which apply to modification of child support and arrearages, respectively, any order containing a provision regarding child support shall be a final judgment as to any installment or payment of money that has accrued until the time a proper motion is served on the court to set aside, alter or modify the order.[17] These two sections also prohibit the court from setting aside, altering or modifying an order regarding accrued unpaid support prior to the filing of a motion.[18]

At the beginning of the March 15, 2012 hearing, appellee's attorney stated to the court that the judgment in favor of appellant Morbit against appellee in the amount of $8,191.45 "should be in play when we are establishing a total amount due." Appellee admitted that the court had previously found him $8,191.45 in arrears on November 7, 2007, and that in the event of an overpayment, it would apply to the arrearage. Despite this, this court makes no mention of whether the $8,191.45 has been applied to its calculation of appellee's arrearage. Contrary to appellee's assertion, appellant did not sit silently by and watch a mistake being |₇made. The facts show that the circuit court stated in its letter opinion filed February 4, 2009, that

**12.** *Wright v. Wright,* 2010 Ark. App. 250, at 4, 377 S.W.3d 369, 372 (citing *Hardy v. Wilbourne,* 370 Ark. 359, 259 S.W.3d 405 (2007)).

**13.** *Linn v. Miller,* 99 Ark.App. 407, 411, 261 S.W.3d 471, 474 (2007).

**14.** *Id.*

**15.** (Repl.2009).

**16.** (Repl.2009).

**17.** Ark.Code Ann. § 9–12–314(b); Ark.Code Ann. § 9–14–234(b).

**18.** Ark.Code Ann. § 9–12–314(c); Ark.Code Ann. § 9–14–234(c).

child support, and therefore arrearages, could not be calculated until it had ruled on appellee's motion to modify. While the March 15, 2012 hearing dealt with the motion to modify alone, the court set child support and arrearages in its order granting appellee's motion to modify. Prior to receipt of the order, there would be no reason for appellant to believe that any arrearage amount would not be reduced by the $8,191.45 judgment. We remand to the trial court for a finding on whether the $8,191.45 judgment was applied toward the arrearage, and if it was not, to amend the arrearage amount to reflect a inclusion of the judgment amount.

Appellant argues that the second piece of evidence that the court failed to include was unpaid child support after the January 17, 2008 judgment, but prior to the June 1, 2008 modification. Appellee argues that no evidence was submitted by any of the parties, therefore appellant is attempting a "second bite at the apple" after having failed to argue this below. Our supreme court has stated that an issue must be presented to the circuit court at the earliest opportunity in order to preserve it for appeal.[19] Any error argued on appeal must have first been directed to the circuit court's attention in some appropriate manner, so that the court has an opportunity to address the issue.[20] A party cannot wait until the outcome of a case to bring an error to the circuit court's's attention.[21] Stated another way, a circuit court does not |₈abuse its discretion by denying a posttrial motion seeking to raise an issue that was not raised at trial.[22]

Both of appellee and appellant Denise Morbit put on evidence with regard to child support payments made from Janu-

ary to May 2008. Therefore, the court was on notice that it should include post judgment, pre-modification payments in its calculation of arrearages. Appellant is not requesting a second bite at the apple but is seeking clarification and correction of an alleged error.

Because the trial court did not rule on the matter from the bench, but in an order fifteen days later on March 30, 2012, appellant's first opportunity to address the alleged error would have been in a post-order motion, which the appellant submitted, though we do not address that motion because this appeal is from the judgment itself. However, we do not need to address the post-judgment motion to find that the court erred in not including the January to May 2008 payments in its calculation of arrearages. It is clear from the court's calculation in its March 30, 2012 order that the court included only payments from June 2008 to June 2011. It did so in error. We remand and order the court to include in its calculation of arrearages any and all payments made, and unpaid, by appellee between January and May of 2008.

We do not reach to the merits of appellant's argument that the circuit court failed to include unpaid spousal support post judgment. While appellee's May 27, 2008 motion |₉requested modification of alimony, in addition to child support, he never got a final ruling as to modification of alimony before it was terminated automatically upon appellant Denise Morbit's marriage on December 29, 2008. And though appellant OCSE cited appellee's failure to pay spousal support, among other things, in its December 18, 2008 motion for cita-

---

19. *Horton v. Horton,* 2011 Ark. App. 361, at 15, 384 S.W.3d 61, 70.

20. *Id.*

21. *Id.*

22. *Id.*

tion, and the court found that appellee had made no spousal support payment between August 2008 and January 2009, appellant did not raise the issue of including unpaid spousal support payments in the court's calculation of arrearages at the March 15, 2012 hearing. Because neither party discussed unpaid spousal support, the court did not address that issue as the court was not put on notice that either party wished to have it included. An issue must be presented to the circuit court at the earliest opportunity in order to preserve it for appeal.[23] Because appellant did not raise this issue at the proper opportunity—the March 15, 2012 hearing—it is not preserved.

Appellant argues that the final piece of evidence that the court failed to include was payments made by appellee after June 1, 2011. Appellant argues that failure to include payments after June 1, 2011, will allow those payments to be counted twice, for any future calculation of arrearage by the court would set off those payments while appellant would have already counted them in this calculation of arrearage despite the fact that the court did not. While we see no reason for a future calculation of arrearage since both minor children have reached the age of majority and have graduated, we find that an accurate accounting of arrearages requires that the circuit court include these post June 1, 2011 payments. We remand and order the circuit court to adjust its calculation of arrearages to include payments made by appellee after June 1, 2011.

Furthermore, this court orders the circuit court to strongly consider the differences in its calculation of child support paid by appellee as compared to appellant's calculation. We also order the circuit court to adjust its calculation of arrearages to include and account for the following:

- the unpaid child support payments for the months of August 2008 to January 2009 for which the court found appellee in contempt in its March 4, 2009 order; and

- any payments that the court attributed to appellee in its arrearage calculation for the June 1, 2008 to June 1, 2011 time period which were not in fact made.[24]

For the foregoing reasons, we find that, the court erred in its calculation of appellee's child support and arrearage. The court should have modified its order in accordance with Arkansas Rule of Civil Procedure 60.

Reversed and remanded.

WALMSLEY and GLOVER, JJ., agree.

---

23. *Dew v. Dew*, 2012 Ark. App. 122, at 8, 390 S.W.3d 764, 769 (citing *Horton, supra*).

24. According to the Arkansas Child Support Tracking System Payment History Report submitted by appellee, he made only 6 payments in 2008.